Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK SHAPIRO, individually and on behalf of all others similarly situated, | Case No. 2:16-04698 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| T-MOBILE USA, INC., | |
| Defendant. | 1.  Violation of False Advertising Law [Cal. Bus. & Prof. C. §§ 17500 *et seq.*] |
| | 2.  Violation of Unfair Competition Law [Cal. Bus. & Prof. C. §§ 17200 *et seq.*] |
| | 3.  Violation of Consumer Legal Remedies Act [Cal. Civ. C. §§ 1750 *et seq.*] |
| | 4.  Violation of the Fair Credit Reporting Act [15 U.S.C. §1681 *et seq.*] |
| | 5.  Violation of California Consumer Credit Reporting Agencies Act [Cal. Civ. C. §1785.25 *et seq.*] |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Erik Shapiro ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of T-Mobile USA, Inc. ("Defendant") to stop Defendant's practice of performing hard credit checks on consumers without their permission and to obtain redress for a nationwide class of consumers ("Class Members") who had a hard credit check performed by Defendant within the applicable statute of limitations period.  Ancillary to the claims above, Plaintiff further alleges individual claims for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCRA"), which regulate the collection, dissemination, and use of consumer information, including consumer credit information

## JURISDICTION & VENUE

2.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.  All Class claims in this matter arise exclusively under California Law.

3.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the

matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

4.     In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

5.     There is additional federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff brings a claim on behalf of the himself and the class for violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

6.     Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Central District of California and Plaintiff resides in the Central District of California.

## PARTIES

7.     Plaintiff, Erik Shapiro ("Plaintiff"), is a natural person residing in Valley Village, California and is a "person" as defined by *47 U.S.C. § 153 (10)* and *Cal. Civ. C.* § 1785.3(j).

8.     Defendant, T-Mobile USA, Inc. ("Defendant"), is a corporation that sells and provides telephone services and devices and is a "person" as defined by *47 U.S.C. § 153 (10)*. Defendant's principle place of business and headquarters is in the State of Washington and is incorporated in the State of Delaware.  Further, Defendant regularly furnishes information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA.

9.     Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business, which is California.

10.     Plaintiff is informed and believes, and thereon alleges, that each and

all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

11.     Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

12.     At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## **FACTUAL ALLEGATIONS**

13.     On or about February 5, 2014, Plaintiff spoke with a representative of Defendant via phone to inquire about telephone plans and potentially switching providers to Defendant.

14.     During this call, Defendant asked Plaintiff if Defendant could do a soft credit check. Plaintiff asked if it would appear on his credit report and was told by Defendant that it would not as it was a soft inquiry.

15.     Plaintiff consented to having a soft credit check performed by Defendant.

16.     Plaintiff ultimately decided not to switch his telephone services to Defendant.

17.     Plaintiff soon after learned that Defendant had performed a hard inquiry that appeared on his credit report, which Defendant was not authorized to do and contrary to what Defendant had represented to Plaintiff.

18.     Plaintiff is informed and believes and thereupon alleges that Defendant's representative either lied about the nature of the inquiry or issued a hard inquiry in retaliation for Plaintiff's refusal to buy Defendant's services.

19.     Plaintiff faxed a letter to Defendant on February 7, 2014 outlining his position that he had not authorized a hard inquiry of his credit and asking Defendant to remove it from his credit report.

20.     Plaintiff also spoke to a representative of Defendant on or about February 7, 2014 who told Plaintiff that Defendant only performed hard inquiries on consumers.

21.     Defendant refused to correct its unauthorized hard inquiry from Plaintiff's credit report.

22.     Plaintiff contacted Defendant three additional times by email and fax, but received no correction of Defendant's unauthorized hard inquiry from Plaintiff's credit report.

23.     On or about November 2014, Plaintiff filed an online dispute with the three credit reporting agencies in regards to Defendant's actions.

24.     Despite Plaintiff's dispute, the three credit reporting agencies did not remove Defendant's unauthorized hard inquiry from Plaintiff's credit reports.

25.     Defendant's unauthorized hard inquiry is still reported on Plaintiff's credit reports.

26.     Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

27.     Defendant expressly represented to Plaintiff, through oral statements, that Defendant's credit inquiry to provide pricing was a soft inquiry and not a hard inquiry.

28.     Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to provide credit information to Defendant despite this action having a negative effect on consumers' credit

reports.

29.   In providing authorization for a credit check to receive service pricing, Plaintiff relied upon Defendant's representations that credit check would be a soft inquiry that would not appear on his credit report.

30.   Plaintiff would not have permitted Defendant to run any credit inquiry if he had known that the above-referenced statements made by Defendant were false.

31.   Had Defendant properly marketed, advertised, and represented the nature of the credit inquiry for Defendant's services pricing, Plaintiff would not have authorized any credit check.

32.   Plaintiff gave permission to run a credit check because he had been told it was a soft inquiry.  Defendant benefited from falsely representing the nature of the credit inquiry by gaining additional information to adjust Defendant's services pricing.  Plaintiff was harmed without his knowledge by Defendant's hard inquiry that was reported on his credit report.  Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

33.   Had Defendant properly marketed, advertised, and represented the nature of its credit check when pricing Defendant's services as a hard credit inquiry, no reasonable consumer who authorized a credit check would have believed that it would have been a soft inquiry rather than a hard credit inquiry.

34.   Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

35.   Plaintiff has been damaged, and continues to be damaged, in the following ways:

a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

c. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

d. Decreased credit score which may result in inability to obtain credit on future attempts.

## CLASS ALLEGATIONS

36.    Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who had a hard inquiry performed on his or her credit by Defendant and such person had not previously authorized a hard inquiry within the four years prior to the filing of this Complaint.

37.    Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States who had a hard inquiry performed on his or her credit by Defendant and such person had not previously authorized a hard inquiry within the four years prior to the filing of this Complaint.

38.    Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

39.    The Class is so numerous that the individual joinder of all of its

members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

40.    Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally performed a hard inquiry on Plaintiff and Class members credit that resulted in a decrease in Plaintiff and Class members creditworthiness and their access to credit, and emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff and Class members to other people both known and unknown.

41.    Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.    Whether, within the four years prior to the filing of this Complaint, Defendant made a hard inquiry on the credit of a Class member without authorization;

b.    Whether Defendant's actions, as outlined herein, violate the California Business & Professions Code § 17200 *et seq*., California Business & Professions Code § 17500 *et seq*., and California Civ. Code § 1750, *et seq.*;

c.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

d.    Whether Defendant should be enjoined from engaging in such conduct in the future.

42.   As a person that had a hard inquiry performed by Defendant on his credit without permission, Plaintiff is asserting claims that are typical of The Class.

43.   Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

44.   A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class  members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

45.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

46.   Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**Violation of the California False Advertising Law**

**Cal. Bus. & Prof. Code § 17500 et seq.**

**On Behalf of the Class**

47.     Plaintiff incorporates all preceding paragraphs of this complaint as if set forth fully herein.

48.     Pursuant to California Business and Professions Code § 17500, et seq. ("FAL"), it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

49.     Defendant misled consumers by making misrepresentations and untrue statements about their services.  Namely, Defendant stated that it would only perform a soft inquiry to find plan pricing when in fact Defendant ran a hard inquiry, and made false representations to Plaintiff and other putative class members in order to solicit its services.

50.     As a direct and proximate result of Defendant's misleading and false statements, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.  Plaintiff reasonably relied upon Defendant's representations regarding Defendant's services, namely that the credit check run to determine pricing would be a soft inquiry instead of a hard inquiry.  In reasonable reliance on Defendant's false statements, Plaintiff and other Class Members gave authorization to Defendant to run a soft inquiry, when in fact Defendant ran a hard inquiry.  In turn Plaintiff and other Class Members ended up with hard inquiries recorded on their credit reports, and therefore Plaintiff and other Class Members have suffered injury in fact.

51.     Defendant knew that it would run a hard inquiry, not a soft inquiry, when pricing its services.

52.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and

continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.   Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
### Violation of Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200 et seq.
### On Behalf of the Class

53.    Plaintiff incorporates by reference each allegation set forth above.

54.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the Unfair Competition Law, Cal. Bus. & Prof. C. § 17200 et seq. ("UCL").  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

55.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers,

offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

56.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

57.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to run hard credit inquiries while providing pricing for Defendant's services, which were not disclosed or authorized by Plaintiff and Class Members. Defendant's hard inquiries appear on Plaintiff and the Class's credit reports for an extended period of time such that it causes prolonged damage to their credit scores. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

58.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the pricing it would receive for Defendant's services would not impact Plaintiff and Class Members' credit scores. In fact, Defendant unfairly profited from its unauthorized hard credit inquiries by using this information to provide responsive pricing, even though Defendant knew that Plaintiff would have its inquiry reported on his credit report and negatively impact his credit score. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to

1  consumers.

2  59.   Finally, the injury suffered by Plaintiff and members of the Class is
3  not an injury that these consumers could reasonably have avoided.  After Defendant
4  falsely represented their running of a hard credit inquiry as a soft credit inquiry,
5  these consumers suffered injury in fact due to Defendant's actions appearing on
6  Plaintiff and Class Members credit reports.  Defendant failed to take reasonable
7  steps to inform Plaintiff and class members that the credit inquiry it was running
8  was a hard inquiry which would appear on Plaintiff and Class Members' credit
9  reports, including failing to provide an opportunity to Plaintiff and class members
10  to decline a hard inquiry with the knowledge that it was a hard inquiry.  As such,
11  Defendant took advantage of Defendant's position of perceived power in order to
12  deceive Plaintiff and the Class members to permit it to run unauthorized hard credit
13  inquiries.  Therefore, the injury suffered by Plaintiff and members of the Class is
14  not an injury which these consumers could reasonably have avoided.

15  60.   Thus, Defendant's conduct has violated the "unfair" prong of
16  California Business & Professions Code § 17200.

17  **FRAUDULENT**

18  61.   California Business & Professions Code § 17200 prohibits any
19  "fraudulent ... business act or practice."  In order to prevail under the "fraudulent"
20  prong of the UCL, a consumer must allege that the fraudulent business practice was
21  likely to deceive members of the public.

22  62.   The test for "fraud" as contemplated by California Business and
23  Professions Code § 17200 is whether the public is likely to be deceived.  Unlike
24  common law fraud, a § 17200 violation can be established even if no one was
25  actually deceived, relied upon the fraudulent practice, or sustained any damage.

26  63.   Here, not only were Plaintiff and the Class members likely to be
27  deceived, but these consumers were actually deceived by Defendant.  Such
28  deception is evidenced by the fact that Plaintiff agreed to allow Defendant to run a

soft credit inquiry in order to obtain accurate pricing, even though the inquiry was actually a hard inquiry.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff.  For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

64.   As explained above, Defendant deceived Plaintiff and other Class Members by falsely representing the nature of its credit inquiries as soft such that they would not appear on Plaintiff and Class Members credit reports, when in fact they were hard inquiries that did appear and impact Plaintiff and Class Members' credit scores.

65.   Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

66.   California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

67.   As explained above, Defendant deceived Plaintiff and other Class Members by falsely representing the nature of its credit inquiries as soft such that they would not appear on Plaintiff and Class Members credit reports, when in fact they were hard inquiries that did appear.

68.   Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to permit a credit check, in violation of California Business and Professions Code § 17500, et seq.  Had Defendant not falsely advertised, marketed or misrepresented the nature of its credit inquiry, Plaintiff and Class Members would not have permitted any credit inquiry. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

69.   These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq.

70.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code § 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

**THIRD CAUSE OF ACTION**

**Violation of Consumer Legal Remedies Act**

**Cal. Civ. Code § 1750 et seq.**

**On Behalf of the Class**

71.     Plaintiffs incorporate by reference each allegation set forth above herein.

72.     Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 ("CLRA") to the extent that Defendant violated the following provisions of the CLRA:

a.     Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

b.     Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

c.     Advertising goods or services with intent not to sell them as advertised; Cal. Civ. Code §1770(9);

d.     Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and

e.     Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal. Civ. Code §1770(16);

73.     On or about April 28, 2016, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA. This correspondence advised Defendants that they must take such action within thirty (30) calendar days, and pointed Defendants to the provisions of the CLRA that Plaintiffs believe to have been violated by Defendants. A true and correct copy of Plaintiff's CLRA notice letter is attached hereto as Exhibit A. As of June 28, 2016, Defendants have not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## FOURTH CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681 *et seq.*

### On Behalf of the Class

74.     Plaintiff incorporates all preceding paragraphs of this complaint as if set forth fully herein.

75.     Defendant violated sections 1681n and 1681o of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA") by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a.     Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

76.   Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## FIFTH CAUSE OF ACTION

### Violation of California Consumer Credit Reporting Agencies Act

### Cal. Civ. Code §1785.25 et seq.

### On Behalf of the California Sub-Class

77.   Plaintiff incorporates all preceding paragraphs of this complaint as if set forth fully herein.

78.   California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit

reporting agency if the person knows or should know the information is incomplete or inaccurate."

79.     California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

80.     California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

81.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

82.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this court to:

a. Certify the proposed Nationwide Class actions pursuant to Fed. R. Civ. P. 23;

b. Certify the undersigned counsel as Class Counsel;

c. Enter an order for injunctive, equitable and declaratory relief as described herein;

1   d.  Enter judgment in favor of each class member for damages suffered as a

2       result of the conduct alleged herein, to include interest and pre-judgment

3       interest;

4   e.  Award any and all statutory enhanced damages;

5   f.  Award plaintiffs reasonable attorneys' fees and costs;

6   a.  Award plaintiffs and the class treble damages where appropriate; and

7   b.  Grant such other and further legal and equitable relief as the court deems

8       just and equitable.

9   **JURY DEMAND**

10  Plaintiff hereby demands a trial by jury as to all issues so triable.

11

12  Respectfully submitted this 28th day of June, 2016.

13

14                          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

15                          By:  /s/ Todd M. Friedman

16                               Todd M. Friedman
                                 Law Offices of Todd M. Friedman

17                               Attorney for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

CLRA Notice Letter Sent to Defendant